## Campion Estate

*Harold D. Saylor*, for accountant.

*Gilbert P. High, George W. McKeag, Nelson P. Fegley* and *Roland Fleer*, for legatees.

*M. Paul Smith*, guardian ad litem.

HOLLAND, P. J., December 9, 1949.—The account shows that the executor has paid for storage and insurance charges on furniture and personal effects that it

has been necessary to store during the administration of the estate. These charges are approved and the executor is further authorized and empowered and instructed to pay such additional, reasonable storage and insurance charges on furniture, and other personal effects until the same are delivered to the parties entitled thereto upon the awards in this adjudication, the same to be paid out of the residuary part of the estate. . . .

With reference to the questions propounded in paragraph 11(e) I have indicated hereinabove that all storage and insurance charges on the antiques and other personal effects are to be paid out of the residue of the estate until delivery of said articles in accordance with the adjudication and schedule of distribution.

As to query number 1 in paragraph 11(e) it is quite apparent that if a legatee of articles he desires distributed to him fails within a reasonable time after the approval of the schedule of distribution to pay the tax due thereon, the only alternative left to the executor is to sell the article at private or public sale in the discretion of the executor and after paying the tax thereon distribute the balance to the legatee, what is a reasonable time being in the discretion of the executor.

As to query number 2 in paragraph 11(e), it is equally plain that the only alternative left to the executor if a legatee does not, on the approval of the schedule of distribution, promptly remove from storage articles to which he or she shall have been entitled, is to leave the articles in storage as the property of the legatee, notifying the storage company where it is stored that it is the property of the legatee and that he will be responsible for all storage thereafter and that, if it is not paid, it can be sold for the storage charges.

The same procedure will apply to a failure to pay for the delivery charges.

As to the part of the query in regard to the payment by a legatee in cash of the excess of the value of the antiques allocated to him (according to the legatees' agreement) over the value of his one-fourteenth share in all the antiques, the only alternative of the executor, if he failed to pay the same, would be to sell so much of the antiques, so allocated to him, as shall be necessary to furnish the excess payment due from him.

Owing to the difficulties in which testatrix has placed the executor by the uncertainties of her will, I hold that the executor must be permitted a wide discretion in carrying out the difficult directions under the complicated circumstances which testatrix has created. I therefore hold that as to what is a reasonable time referred to in my directions herein, shall be at the discretion of the executor, and that any unforeseen expenses in connection with the distribution of this antique furniture, other furniture, and other personal effects, shall be paid out of the residue. . . .